UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-cv-62536

COMMODITY FORWARDERS, INC.,

    Plaintiff,

v.

BURBANO CORPORATION d/b/a
CASABELLA FARM, and
LUIS BURBANO,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, COMMODITY FORWARDERS, INC., by and through its attorneys, Spector Rubin, P.A., and files its Complaint against the Defendants, BURBANO CORPORATION d/b/a CASABELLA FARM, and LUIS BURBANO, and states as follows:

## JURISDICTION AND VENUE

1. At all material times, Plaintiff, Commodity Forwarders, Inc. (hereinafter "CFI") was and is a California corporation with its principal place of business in Los Angeles, California.

2. At all material times, Defendant Burbano Corporation d/b/a Casabella Farm (hereinafter "Casabella") was and is, upon information and belief, a Florida corporation located in Miramar, Florida.

3. At all material times, Defendant, Luis Burbano was and is a Florida resident living in Broward County, Florida.

4. This Court has jurisdiction based upon 28 U.S.C § 1332, as it is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants, each of whom resides in his District.

6. Venue is appropriate in this district as each Defendant resides in this District.

## STATEMENT OF FACTS

7. Plaintiff CFI is a logistics service provider which makes arrangements for the transportation of cargo on behalf of its customers.

8. As part of the services it provides, CFI retains carriers to perform the actual transportation.

9. In or about April 2020, CFI and Casabella entered into a business relationship whereby CFI would make arrangements for the transportation of Casabella's freight.

10. Casabella executed a credit application to pay for the services.

11. Initially, the credit limit was $5,000.00.

12. Notably, the credit application made reference to "Casa Bella Farm."

13. No reference was made on the credit application to "Burbano Corporation."

14. Further, the credit application listed the street address as 238 Gerber Road, Labelle, Florida, 33395.

15. Upon information and belief, however, this address is an empty field.

16. Further, the Tax ID listed on the credit application does not match the Tax ID listed for Burano Corporation as set forth with the Florida Secretary of State.

17. Thereafter, Casabella hired CFI for several shipments in April and May 2020.

18. However, Casabella soon stopped making payments to CFI.

19. Several times over the course of April and May 2020, CFI advised Casabella and Luis Burbano that CFI would hold shipments unless payments were made.

20. Each time, Luis Burbano promised that the payments would be made.

21. On June 1, 2020, Luis Burbano promised to wire $40,000.00 if CFI would not hold the shipments and continue to provide services for Casabella.

22. Based on this promise, CFI agreed to continue providing services.

23. However, by June 8, 2020, no payment had been made.

24. On June 10, 2020, Luis Burbano now advised CFI that the payment would be $30,000.00 rather than $40,000.00.

25. Neither payment was ever received.

26. All conditions precedent have been met or waived.

## **COUNT I – ACCOUNT STATED – BURBANO CORPORATION**

27. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 26 and further states:

28. The Statement of Account and Invoices in the attached Exhibit "A" were received by Defendant and Defendant did not object to same.

29. That there was, and still is, an implicit and/or explicit promise by Defendant to pay the balance of said invoices to Plaintiff as they became due.

30. That Defendant now owes Plaintiff $220,715.96. This amount has been accruing with interest.

31. That Plaintiff has requested payment of the outstanding monies owed and Defendant has failed and refused to tender payment to Plaintiff.

**WHEREFORE,** for the all of the reasons stated herein, Plaintiff demands judgment in its favor and over and against Burbano Corporation in the amount of $220,715.96, together with prejudgment interest, costs, fees, and other and further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT – BURBANO CORPORATION

32. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 26 and further states:

33. Plaintiff and Defendant entered into a valid contract whereby Plaintiff rendered services and performed labor to Defendant for agreed upon charges as set forth in the invoices in the attached Exhibit "A."

34. Plaintiff performed all of its obligations under the agreement. However, Defendant has failed to keep its end of the bargain by refusing to pay for the services rendered.

35. As a direct result of this breach, Plaintiff has suffered damages in the amount of $220,715.96.  This amount has been accruing with interest.

**WHEREFORE,** for the all of the reasons stated herein, Plaintiff demands judgment in its favor and over and against Burbano Corporation in the amount of $220,715.96, together with prejudgment interest, costs, fees, and other and further relief as this Court deems just and proper.

## COUNT III – FRAUD – LUIS BURBANO

36. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 26 and further states:

4

37. CFI and Casabella entered into a Credit Application, which was signed and executed by Luis Burbano.

38. Pursuant to this document, CFI agreed to grant credit to Casabella for the logistics services that CFI would be performing on behalf of Casabella.

39. The credit application contained false information regarding the company.

40. CFI relied upon this information in its decision to grant Casabella credit for logistics services and to engage in a business relationship with Casabella.

41. CFI's reliance upon the accuracy of the information in the credit application was reasonable or justifiable.

42. As a result of this reliance upon the information, CFI extended credit and performed logistics services on behalf of Casabella.

43. Further, during the course of the relationship, Luis Burbano made multiple representations to CFI that payments would be forthcoming if CFI continued to provide services to Casabella and not hold its shipments.

44. Luis Burbano made these representations to induce CFI to continue to provide services and not hold the shipments.

45. Based upon these representations, CFI continued to provide services and did not hold the shipments.

46. Luis Burbano knew these representations were false when made.

47. Luis Burbano knew that CFI would rely upon these false promises.

48. To date, CFI has not been paid for its services, valued at $220,715.96.

49. CFI has therefore been damaged in the amount of $220,715.96 as a result of its reliance upon the fraudulent information offered in support of Casabella's application for credit at the commencement of the business relationship.

50. As the sole officer of the company, Luis Burbano will obtain profits obtained and pecuniary rewards as a result the business services provided by CFI on the credit extended by CFI.

51. These ultra vires actions constitute a fraud by Luis Burbano designed to induce CFI to extend credit to Casabella to pay for services provided by CFI.

52. In committing these fraudulent acts, Luis Burbano forfeits his corporate protection and is individually liable for the damages to CFI.

53. Alternatively, Luis Burbano's pecuniary gain, at the expense of the company constitutes an ultra vires act, which subjects Luis Burbano to personal liability for his actions.

**WHEREFORE,** for the all of the reasons stated herein, Plaintiff demands judgment in its favor and over and against Burbano Corporation in the amount of $220,715.96., together with prejudgment interest, costs, fees, punitive damages, and other and further relief as this Court deems just and proper.

### COUNT IV – ALTER-EGO/FRAUD – LUIS BURBANO

54. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 26 and further states:

55. It has become apparent that Luis Burbano operated Burbano Corporation as a legal fiction.

56. Notably, Luis Burbano engaged CFI in the name of "Casabella Farm" in early April 2020.

57. Luis Burbano executed the credit application in the name of "Casabella Farm."

58. No mention of Burbano Corporation was made in the credit application.

59. Further, both the address and Tax ID number were incorrect as entered on the credit application.

60. Further, the address entered is, upon information and belief, an empty field.

61. In addition, according to the Florida Secretary of State, the application for registration of the fictitious name "Casabella Farm" was not filed until **June 5, 2020**.

62. In other words, at the time the credit application was entered into, no such entity or fictitious name existed.

63. As such, upon information and belief, "Burbano Corporation" is nothing by a shill company for Luis Burbano's personal gain.

64. In committing these fraudulent acts, Luis Burbano forfeits his corporate protection and is individually liable for the damages to CFI.

65. Alternatively, Luis Burbano should be deemed the alter ego of Burbano Corporation and held individually liable for the damages to CFI.

**WHEREFORE,** for the all of the reasons stated herein, Plaintiff demands judgment in its favor and over and against Burbano Corporation in the amount of $220,715.96, together with prejudgment interest, costs, fees, punitive damages, and other and further relief as this Court deems just and proper.

Dated:  Miami, Florida
       December 9, 2020

                                    Respectfully submitted,

                                    SPECTOR RUBIN, P.A.

*Attorneys for Plaintiff*
3250 Mary Street
Suite 405
Miami, Florida 33133
Tel: 305.537.2000
Fax: 305.537.2001
Email: Robert.Borak@spectorrubin.com
Andrew.Spector@spectorrubin.com
Spencer.Wellborn@spectorrubin.com

By: /s/ Robert Borak
Robert M. Borak (FBN: 015923)
Andrew R. Spector (FBN: 634093)
Spencer J. Wellborn (FBN: 117999)