UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62536-RUIZ/STRAUSS

**COMMODITY FORWARDERS, INC.,**

    Plaintiff,

v.

**BURBANO CORPORATION
and LUIS BURBANO,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Plaintiff's Motion to Enforce Settlement and for Entry of Judgment [DE 13] ("Motion"). The Motion has been referred to me to take all necessary and proper action as required by law [DE 14]. I have reviewed the Motion and the record in this case. No response to the Motion has been filed, and the time to file a response has passed [*see* DE 15]. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 13] be **GRANTED**.

## BACKGROUND

On December 9, 2020, Plaintiff commenced this action against Defendants. Plaintiff's four-count Complaint [DE 1] sought to recover $220,715.96 from Defendants. On February 8, 2021, a Clerk's Default [DE 10] was entered against Defendants on account of their failure to appear and timely respond to the Complaint. However, on February 16, 2021, Plaintiff filed a Notice of Settlement [DE 11], indicating that the parties reached an agreement to settle the case and requesting 30 days to finalize the settlement paperwork and submit a dismissal notice.

Consequently, the Court entered an order granting Plaintiff's request and requiring the parties to submit their stipulation of dismissal by March 16, 2021 [DE 12].

However, on March 11, 2021, Plaintiff filed the Motion [DE 13]. Therein, it asserts that the parties agreed on the essential terms of a settlement and that Defendants defaulted under the agreement reached by the parties. As such, Plaintiff seeks to enforce the agreement and requests the entry of judgment against Defendants (jointly and severally) in the amount of $220,715.96, plus interest and attorneys' fees.

To establish assent and the terms of the parties' agreement, Plaintiff has provided a series of emails between the parties and a copy of an unsigned written settlement agreement [DE 13-1, 13-2, 13-3]. Plaintiff has also submitted the Declaration of Robert Borak [DE 13-4], Plaintiff's counsel, to authenticate the copies of the emails and unsigned settlement agreement attached to the Motion. In a series of February 16, 2021 emails between Plaintiff's counsel and Defendant Luis Burbano [DE 13-1], Plaintiff's counsel set forth what he viewed to be the material terms of the parties' agreement (including payment of $220,715.96 in accordance with an agreed-upon payment schedule, with the first payment of $3,000 due on February 28), asking Mr. Burbano to confirm [DE 13-1 at 3-4]. Mr. Burbano replied with changes to the specific date each month on which payment was to be made, also requesting confirmation [DE 13-1 at 3]. Later that day, Plaintiff's counsel sent an email stating: "Confirmed. Will file with court and send you a copy." [DE 13-1 at 2].[1]

Subsequently, on February 19, 2021, Plaintiff's counsel sent a draft settlement agreement to Mr. Burbano [*see* DE 13-2 at 3]. However, from the parties' emails, it appears that the draft

---

[1] The email appears to be referring to the Notice of Settlement [DE 11] filed that day at 4:21 p.m. (after all of the emails reflected in DE 13-1). Mr. Burbano replied, "Thank you." [DE 13-1 at 2].

2

contained the incorrect date (February 20, 2021) for the first payment. In a February 24, 2021 email, Mr. Burbano stated that the wire transfer for the first payment would go out on February 28, 2021 "as we agree[d]." [DE 13-2 at 2].[2] Consequently, he requested that Plaintiff's counsel correct the date in the settlement agreement and send it back [DE 13-2 at 2]. Plaintiff's counsel responded, noting that Defendants had apparently added a notice of cure period that was not negotiated [DE 13-2 at 2]. Nevertheless, Mr. Burbano replied, agreeing to have no cure period and asking Plaintiff's counsel to send the settlement agreement back to him (with the minor date changes) in order to execute the agreement, which Plaintiff's counsel did [DE 13-2 at 1]. Then, on March 1, 2021, Plaintiff's counsel emailed Mr. Burbano stating that no wire had been received [DE 13-3 at 2]. Mr. Burbano responded indicating that the wire had been sent from outside of the country and that it would take 3 days to post [DE 13-3 at 2]. Nonetheless, Plaintiff's counsel's declaration [DE 13-4], dated March 11, 2021, states that no payments had been received from Defendants as of the date of the declaration.

The Motion contains a certificate of service providing that the Motion would be served on Defendants by both mail and email on the date the Motion was filed (March 11, 2021). Accordingly, Defendants were required to respond no later than March 29, 2021. *See* S.D. Fla. L.R. 7.1(c)(1); Fed. R. Civ. P. 6(d); Fed. R. Civ. P. 6(a)(1)(C). In an abundance of caution, I entered the Order Requiring Defendants, Burbano Corporation and Luis Burbano, to File Response ("Order Requiring Response") [DE 15], warning Defendants that failure to file a response to the Motion by March 29, 2021 "may result in the Motion being granted by default, *see* S.D. Fla. L.R.

---

[2] Similarly, Plaintiff's counsel's February 16, 2021 email setting forth the material terms of the agreement provided that the first payment (of $3,000) would be due on February 28th [DE 13-1 at 3-4]. The draft settlement agreement likewise provides for the initial $3,000 payment on or before February 28, 2021 [DE 13-2 at 6].

7.1(c)(1), with the requested judgment, in the amount of $220,715.96 (plus interest and attorney's fees), being entered against Defendants." The Order Requiring Response further warned the corporate Defendant that it would be required to file its response to the Motion through counsel. Plaintiff's counsel served the Order Requiring Response on Defendants, by mail and email, on March 18, 2021 [DE 16]. Nonetheless, as noted above, both Defendants have failed to file any response to the Motion.

## ANALYSIS

The parties reached an agreement on the essential terms of a settlement. As such, their agreement should be enforced. "The construction and enforcement of settlement agreements are governed by principles of the state's general contracts law." *Broadnax v. Sand Lake Cancer Ctr., P.A.*, 819 F. App'x 799, 801 (11th Cir. 2020) (quoting *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985)). "In both Florida and federal courts, 'settlements are highly favored and will be enforced whenever possible.'" *Id.* (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Id.* (quoting *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002)). Notably, "Florida law is clear that a settlement can be reached through a series of e-mail exchanges." *D.B.C. Corp. v. Nucita Venezolana, C.A.*, No. 18-25225-CIV, 2020 WL 8872096, at *1 (S.D. Fla. June 15, 2020) (citing *Warrior Creek Dev., Inc. v. Cummings*, 56 So. 3d 915, 917 (Fla. 2d DCA 2011)). In fact, execution of a "settlement agreement is not a condition precedent to a settlement agreement, but rather is merely a procedural formality." *Diamont v. Scottsdale Ins. Co.*, No. 17-21734-CIV, 2020 WL 8187889, at *3 (S.D. Fla. Dec. 16, 2020), *report and recommendation adopted*, 2021 WL 184545 (S.D. Fla.

Jan. 19, 2021) (quoting *Swift Fin. Corp. v. Latin House Grill, LLC*, No. 16-23903-CIV, 2017 WL 8895346, at *4 (S.D. Fla. Dec. 29, 2017)).

Here, it is evident that the parties assented to all material terms.  First, the parties' February 16, 2021 emails [DE 13-1] outlined the essential terms of their agreement, and both parties appear to have assented to those terms.  While the parties exchanged some later emails raising questions as to payment dates and possible notice of a cure period, even if either issue would have had any material effect on the parties' agreement, the parties clearly resolved the issues [*see* DE 13-2].  Thus, from the parties' emails, it appears that no essential issues (or even non-essential issues) remained open following February 24, 2021.  In fact, on March 1, 2021, Defendants clearly indicated (albeit falsely or incorrectly) that the first settlement payment had been sent [*see* DE 13-3 at 2].  Thus, Defendants evidently understood that an agreement existed between the parties and were well aware of their agreed upon payment obligations.  However, it is undisputed that no settlement payment has been received.  Therefore, Defendants breached the agreement.[3]

The terms set forth in the February 16, 2021 emails provide for judgment against Defendants for the remaining balance owed, plus interest and attorneys' fees, in the event of default [DE 13-1 at 4].  Given that no payments were made, the remaining balance owed is the initial balance of $220,715.96.  Notably, the unsigned written settlement agreement, the form of which the parties appear to have agreed upon [*see* DE 13-2], similarly contains a default provision providing for the entry of judgment against Defendants, jointly and severally, for $220,715.96, less payments made, plus interest, attorneys' fees, and costs [DE 13-2 at 8-9].  Accordingly, based

---

[3] Significantly, Defendants have not come forward to dispute anything stated in the Motion or Plaintiff's counsel's declaration.  Accordingly, I also find that good cause exists to grant the Motion by default in accordance with Local Rule 7.1(c)(1).  As noted above, Defendants were expressly warned that the Motion may be granted by default if they failed to file a response to the Motion by March 29, 2021.

on my review of the Motion and the exhibits thereto, I find that the parties reached an agreement on all material terms of a settlement, that Defendants have breached that agreement, and that the agreement consequently calls for the remedy Plaintiff seeks. Therefore, I recommend that the Court enter the requested judgment in favor of Plaintiff and against Defendants.[4]

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** the Motion [DE 13].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**On or before March 31, 2021, Plaintiff's counsel shall serve a copy of this Report on Defendants by mail and email and shall file a certificate of service.**

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 30th day of March 2021.



Jared M. Strauss
United States Magistrate Judge

---

[4] The Motion does not set forth the amount of attorneys' fees and costs that are sought nor provide evidence to establish the reasonableness of any fee/cost award. Therefore, while I find that Plaintiff is entitled an award of reasonable attorneys' fees and costs, Plaintiff will need to seek an award of attorneys' fees and costs by separate motion if it wishes to do so.